UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE L. CHAO, Secretary of Labor
United States Department of Labor,                    Case No. 04-74645

        Plaintiff,                                         District Judge Arthur J. Tarnow
v.                                                                    Magistrate Judge R. Steven Whalen

DANNY A. WILKERSON, Individually
and as a fiduciary of the AERIAL VENTURES
DETROIT-WAYNE COUNTY METRO
AIRPORT 40(k) PLAN,

        Defendant.
_____/

## CONDITIONAL CERTIFICATION OF CIVIL CONTEMPT

Before the Court is Petitioner Elaine L. Chao's Petition for Adjudication in Civil Contempt re: Respondent Danny A. Wilkerson [Docket #7], which has been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

### I.  CONTEMPT PROCEDURE UNDER FEDERAL MAGISTRATE JUDGES ACT

Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> "[T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear

-1-

before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The conduct complained of in this case–Defendant's failure to comply with the terms of a consent judgment–would constitute a civil contempt; therefore, I must proceed under the above section.

## II. CERTIFICATION OF FACTS

Following a hearing held on November 21, 2006, at which both Plaintiff's counsel and Defendant appeared, I certify the following facts:

This is an ERISA contributions case. On May 6, 2005, the Court entered a consent judgment, signed and acknowledged by the Defendant, requiring Defendant to pay a total of $4,712.10 on a pro rata basis , to designated Plan participants**,** within 30 days, and to provide verification to the Plaintiff. The consent judgment also provided that the Defendant "agrees to send a status report to [the Regional Director of the Employee Benefits Security Administration] on the first day of each month detailing his progress in complying with this Consent Order and Judgment." To date, Defendant has paid only $1,652.09 toward this

judgment, and has not sent the monthly status reports, as ordered.

On November 7, 2006, the undersigned issued an Order to Show Cause, requiring Plaintiff to appear personally to show cause why this Court should not certify a civil contempt against him. Defendant appeared as ordered on November 21, 2006, as did counsel for Plaintiff. Counsel for Plaintiff represented that the amount owing on the day of the hearing, including interest on the unpaid amount of the judgment, is $3,282.59. Defendant does not dispute that amount. He indicated that his failure to pay the entire amount of the judgment was due to personal financial difficulties, including the closing of his business and divorce proceedings, but stated that he has the present ability to pay the remainder of the judgment, with interest, within 15 days.

### III.   CONCLUSION AND ORDER

It has been established by clear and convincing evidence that the Defendant, although aware of and having agreed to the entry of the consent judgment, has not complied with the terms of the judgment. Whether or not he lacked the past ability to pay the full judgment, it is undisputed that he has the present ability to do so.[1]

The purpose of civil contempt is compensatory and remedial, not punitive. *In the Matter of Grand Jury Investigation*, 748 F.Supp. 1188, 1199 (E.D. Mich. 1990). Accordingly, I conditionally certify a civil contempt against Defendant Danny A. Wilkerson

---

[1] A mere assertion of inability to pay a judgment is insufficient to avoid a finding of civil contempt. *Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund, et. al. V. Brotherhood Labor Leasing, et. al.*, 207 F.3d 500, 506 (8th Cir. 2000).

as follows:

(1) Within 30 days of the date of this Certification, Defendant shall deposit in a bank account, of which he is the sole signator, the sum of $3,282.59, and provide verification of this deposit to the attorney for the Plaintiff and to this Court.[2]

(2) Also within 30 days of the date of this Certification, Defendant shall make payment, by certified check, to the following Plan participants who are due the unremitted distributions, in the amounts indicated, and shall provide verification to the attorney for the Plaintiff and to this Court:[3]

| Name | Amount |
| --- | --- |
| Beatrice K. Bassett | $129.31 |
| Leo Stoner | $853.95 |
| Jennifer Wyatt | $44.85 |
| Crystal L. Harris | $297.61 |
| Teressa Dodson | $422.56 |
| Barbara L. Jaciuk | $643.38 |
| Betty I. Holloway | $553.69 |
| Robert Johnson | $163.52 |
| Mary Miller | $108.60 |
| Catherine Bolton | $7.40 |
| Tonda Primack | $57.71 |

(3) If the Defendant fully complies with these terms within 30 days, this Certification of Contempt will be withdrawn, and no further show cause hearings will be ordered.

(4) If the Defendant fails to comply with these terms within 30 days, Defendant will

---

[2] Defendant shall mail or personally deliver a copy of the verifications of deposit and payment to the undersigned Magistrate Judge, 673 United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

[3] Plaintiff has provided the Defendant, as well as the Court, the last known addresses of these Plan participants.

be ordered to appear before the assigned District Judge to show cause why he should not be adjudged in contempt of court, pursuant to 28 U.S.C. § 636(e)(6)(B).

    SO ORDERED.

                                S/R. Steven Whalen
                                R. STEVEN WHALEN
                                UNITED STATES MAGISTRATE JUDGE

Dated: November 22, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 22, 2006.

                                S/Gina Wilson
                                Judicial Assistant